# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KIERRA SHANTA MARTIN and K.B., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-315-SNLJ |
| | ) | |
| ROBERT K. BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under the provisions of the Civil Rights Act and criminal statute 18 U.S.C. § 242. The motion is granted. For the following reasons, however, the Court will not issue process on plaintiff's complaint and will dismiss this action.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this claim for civil rights violations and under criminal statute 18 U.S.C. § 242. In her statement of her claim, she states in full:

> Robert K. Bennett slander my name and told me it was going to look really pretty on my name. I had found the landlord on my own for me and my son, to get housing, because he is in state custody. So upon my research, I found Rolling Hill apartments, since my son be in state I told the landlord the Judge Ward a previous [commissioner] that was on my case at the time. And the court's will need to see the lease. He did not give it to me so they subpoena him. And when they discover it, I guess upon discovery they found the lease had major violations. And I guess he took it out on me and said am going to f*** up your name. So the state send me to legal service, in Missouri, to a lawyer named Rob Ellington, and he told me the only thing he can do is get my security deposit back. I also stated to him I also have a state family lawyer. And I submitted him my receipts, and showed him how Robert the former landlord filed that I lived at that address since 2015 which will be fraud upon the court. I kept stating to the judge and the lawyers, if his lease is not void it most of his contract. It makes the whole contract void. And he should not every took my money period, which will be money launder[ing]. I got off of work one day and the locks was changed. And he stated me and my son [clothes], belong[ings], furniture [were] gone. The lawyer from legal service told me good luck and never got back with me. I sent number of letters. No reply.

For relief, plaintiff asks the Court to "fix my name from the slander and libel" and "[compensate] me and my son for person[al] injury my son has suffered."

**Discussion**

Although plaintiff alleges she is bringing this suit under the provisions of the Civil Rights Act and criminal statute 18 U.S.C. § 242, these statutes do not cover the claims plaintiff has asserted. She does not assert she was denied access to any facility or housing. To the extent that

plaintiff is seeking the initiation of federal criminal charges against defendant under 18 U.S.C. § 242, the request is denied. Initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch and is not subject to judicial compulsion. *See Ray v. United States Dept. of Justice*, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1).

To the extent plaintiff seeks damages for defamation, slander, and libel, the complaint is conclusory and does not state a cause of action. Plaintiff does not allege what, if anything, her landlord said about her that was defamatory. Nor does she assert any damages arising out of these allegedly defamatory statements. For example, she does not allege she was denied housing or services based off defendant's alleged defamatory statements. Plaintiff has alleged merely that her landlord threatened to defame her name. This is not sufficient to state a plausible cause of action. Even pro se plaintiffs are required to allege facts in support of their claims, and the Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

Additionally, to the extent plaintiff seeks a refund of all her rental payments based on a voided or voidable contract, she has not alleged how this federal court would have jurisdiction over such a contract claim arising between citizens of the same state. *See* 28 U.S.C. § 1332. This contract claim would be within the jurisdiction of the Missouri state courts.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

3

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of April, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE